# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JOHN MILES FOSTER,**  *Plaintiff,*  v.  **UNITED STATES,**  *Defendant.* | **CIVIL ACTION NO.**  **5:22-cv-00424-TES-CHW** |

## ORDER OF DISMISSAL

Plaintiff John Miles Foster, a prisoner in Washington State Prison in Davisboro, Georgia, filed a *pro se* Complaint and a motion for leave to proceed in this action *in forma pauperis*. [Doc. 1]; [Doc. 2]. Thereafter, the United States Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee. [Doc. 5]. Plaintiff has now paid the initial partial filing fee, and thus, his Complaint is ripe for preliminary review. Following that review, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** for failure to state a claim as discussed below.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's Complaint is subject to a preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the

screening of prisoner cases); § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the Court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

     A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal

evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir. 2003).

II. Factual Allegations

Plaintiff is a prisoner serving a life sentence for felony murder. [Doc. 1, p. 1]. As such, Plaintiff is ineligible to receive Social Security retirement benefits for the duration of his imprisonment. [*Id.* at p. 5]. In his Complaint, Plaintiff asserts that the Social Security Administration makes monthly payments to state jails and prisons in relation to inmates who would be eligible to collect benefits if not for their incarceration.[1] [*Id.*].

---

[1] Plaintiff is referring to 42 U.S.C. § 402(x)(3)(B)(i)(II), which requires the Social Security Commissioner to make certain payments to institutions that provide information relating to incarcerated individuals. Plaintiff interprets the statute to mean that the Social Security Commissioner makes monthly payments to the jails and prisons for each prisoner who would be eligible to receive benefits if not for their incarceration. [Doc. 1, p. 5]. Because it is not necessary in resolving this case, the Court makes no comment as to the correctness of Plaintiff's interpretation of this statute but assumes that it is correct for the purpose of this Order.

Plaintiff contends that these payments conflict with the mission of the Social Security Act and deplete the funds available for the individuals meant to be served by the Act. [*Id.* at pp. 5–6]. Plaintiff also alleges that the payments harm him because he will be eligible to collect Social Security retirement benefits once he is released from prison, but the funds may be depleted or eliminated due to these payments.[2] [*Id.* at pp. 6–7].

### III. Plaintiff's Claims

Plaintiff divides his arguments into three claims. In the first claim, Plaintiff asserts that the statute regarding payments to prisons violates the mission of the Social Security Act by diverting funds from their intended purpose and depleting the Social Security fund. [*Id.* at pp. 5–7]. In the second claim, Plaintiff contends that, by paying into the Social Security system, he entered into a bailment agreement with the United States, which the United States has violated by misusing these funds. [*Id.* at p. 8]. Finally, he argues that his imprisonment amounts to involuntary servitude because the payments provide the prison with an incentive to keep him incarcerated. [*Id.* at pp. 8–10].

#### A. United States

As an initial matter, the only defendant Plaintiff names in this case is the United

---

[2] Plaintiff asserts that this case should be considered as a class action on behalf of everyone who has paid into Social Security. [Doc. 1, pp. 6–7]. Because the Court is dismissing Plaintiff's Complaint for the reasons discussed in this Order, the Court does not reach Plaintiff's request to have the case proceed as a class action suit.

States. [Doc. 1, pp. 1–2]. Under 42 U.S.C. § 405(h), however, "[n]o action against the United States . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under [the statutes governing federal old-age, survivors, and disability insurance benefits]." Moreover, although the subchapter does allow for certain challenges to final decisions of the Commissioner of Social Security, nothing in these statutes permits a suit against the United States in relation to the administration of Social Security funds. *See* 42 U.S.C. § 405(g) (setting forth the procedure for challenging a final decision of the Commissioner). Thus, the United States is immune from this suit, and the Complaint is subject to dismissal on this basis alone.

      B.     <u>Standing</u>

Even if Plaintiff had identified a proper defendant, he lacks standing to bring his claims that payments violate the mission of the Social Security Act or that the United States has violated a bailment agreement with regard to these payments. To have Article III standing, a plaintiff must be able to demonstrate (1) that he has suffered an injury that is (2) fairly traceable to the defendant and (3) likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish such an injury, the plaintiff must show that he "suffered an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Laufer v. Arpan LLC*, 29 F.4th 1268, 1272 (11th Cir. 2022) (quotations omitted). This can be done either by pointing to a direct

harm or by showing that the defendant "created a 'risk of real harm'" that is "'sufficient to meet the concreteness requirement.'" *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 926–27 (11th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–43 (2016)). For standing to be based on a future injury, the threatened injury must be certainly impending or there must be "a substantial risk that the harm will occur." *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2565 (2019).

Here, Plaintiff does not allege any facts to suggest that he has actually suffered any harm based on payments being made to prisons from the Social Security fund. With regard to Social Security payments, Plaintiff is not entitled to benefits while he is incarcerated, regardless of whether the Social Security Commissioner is making any payments to the prisons. Thus, he has not suffered any harm in this regard.

Moreover, although Plaintiff contends that he will be eligible for Social Security benefits once he is released from prison, Plaintiff also states that he is serving a life sentence, and he does not allege any facts regarding any potential parole. *See* [Doc. 1, pp. 1–2]. Even assuming that Plaintiff will be eligible for benefits at some point in the future, his assertion that his benefits will be reduced or eliminated due to payments made to state jails and prisons is purely speculative. Plaintiff's allegation of theoretical future harm does not establish an injury sufficient to find that he has standing to bring these claims.

      C.     <u>Involuntary Servitude</u>

Finally, to the extent that Plaintiff asserts that the prison is holding him in involuntary servitude, Plaintiff's allegations are wildly conclusory and speculative. Plaintiff acknowledges in his Complaint that he is in prison based on a conviction for felony murder. [Doc. 1, p. 1]. Plaintiff presents no allegations that suggest that his conviction or his continued incarceration are related in any way to any Social Security payments to the prison. And to the extent that Plaintiff alleges that there were constitutional problems with his criminal case, habeas corpus is the sole federal remedy for a state prisoner to challenge the constitutionality of his conviction or sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff's allegations do not demonstrate that he has been injured due to the Social Security statutes, nor do they otherwise establish a claim upon which the Court could grant relief in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint does not state a claim upon which relief may be granted. The Court therefore **DISMISSES** the Complaint [Doc. 1] **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

**SO ORDERED**, this 22nd day of March, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
